### J. G. GERLICH AND OTHERS v. MATH SANGER AND OTHERS.
### FRANK LAURISCH, INTERVENER-RESPONDENT.[1]

June 2, 1944.

No. 33,780.

[1] Reported in 15 N. W. (2d) 12.

See 214 Minn. 221, 8 N. W. (2d) 227.
*Schmitt, Johnson & Farrish* and *Pfau & Pfau,* for appellants.
*Milton D. Mason,* County Attorney, for defendant-respondents.
*Josiah A. Baker,* for intervener-respondent.

HOLT, COMMISSIONER.

This appeal is the result of an endeavor to have Blue Earth county, this state, redistricted as to county commissioner districts. By the decision in State ex rel. Laurisch v. Pohl, 214 Minn. 221, 8 N. W. (2d) 227, a peremptory writ of *mandamus* was directed to issue commanding the board of county commissioners forthwith to redistrict the county commissioner districts in said Blue Earth county. The peremptory writ was served on each of the county commissioners in the period between February 8 and 23, 1943. There was no redistricting. About June 8, 1943, the present suit was begun by J. G. Gerlich and other citizens, residents, voters, and taxpayers of Blue Earth county against the board of county commissioners and the individual members thereof to perpetually enjoin and restrain them from taking any action upon the subject or any step in that direction. Frank Laurisch, the relator in the former action (State ex rel. Laurisch v. Pohl, *supra*), was permitted to intervene, and issues were joined. The trial resulted in findings of fact and conclusions of law that plaintiffs take nothing; that defendants have their costs and disbursements; and that the temporary injunction be dissolved. Plaintiffs appeal.

Districting and redistricting county commissioner districts in a county is purely a legislative function. The wisdom or appropriateness of the statutes enacted for that purpose is not for the courts

to pass on. The issues in State ex rel. Laurisch v. Pohl, *supra*, were determined under the statute then in effect, *viz.*, Minn. St. 1941, § 375.02 (Mason St. 1940 Supp. § 651), as amended by L. 1941, c. 268. We have no doubt of the correctness of that decision. But after that decision, filed on January 22, 1943, and before the action at bar was instituted in June 1943, the legislature of 1943 enacted L. 1943, c. 300, amending Minn. St. 1941, § 375.02 (Mason St. 1940 Supp. § 651), as amended by L. 1941, c. 268, by inserting after the first proviso the following words:

"* * * Provided further that when it appears that after a state or federal census 30 per cent or more of the population of any county is contained in one district, exclusive of the inmates of any state penal or corrective institution, or state hospital for the insane, maintained wholly or partly within such district, such county shall be redistricted by its county board. However, the county board may first submit the question of redistricting to the voters of the county at the next regular election after such state or federal census or the passage of this act upon a separate ballot and in the following form: Shall there be a redistricting of county commissioner's districts? ☐ Yes ☐ No In the event the voters on this question cast a majority vote in favor of redistricting, the county board shall redistrict. Otherwise it need not do so. When any Board of County Commissioners has not redistricted a county as by law required prior to the enactment hereof, such board may submit to the voters the question of redistricting as herein provided and shall be subject to the provisions of this act."

The last sentence of the above quoted proviso covers the facts here involved exactly, and must control this decision. There can be no doubt that the insertion of the above quoted proviso in § 651 changed the law from what it was when State ex rel. Laurisch v. Pohl was decided.

Appellants assign error on the ground that at the trial they asked the court for a declaratory judgment, which the court did not

grant.. The statute as it read when the *mandamus*, or first action, was determined was no longer the same as when the action in the present appeal was tried. Section 651, as amended by L. 1943, c. 300, was rightly applied to this lawsuit and controlled the result of the litigation. There would be no propriety in entering a declaratory judgment as to a statute no longer in force. As to § 651 with the insertion of L. 1943, c. 300, it is so plain that the county board is within its right in submitting the question of redistricting the county commissioner districts to the voters at the November 1944 general election that no declaratory judgment is needed.

The order denying a new trial is affirmed.